UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
CRIMINAL NO. 24-CR-00060-GFVT-001


UNITED STATES OF AMERICA                                        PLAINTIFF


v.                    **SENTENCING MEMORANDUM OF DEFENDANT,**
                      **AMY LYNN COOK**


AMY LYNN COOK                                                   DEFENDANT

_____

Comes the defendant, Amy Lynn Cook, and submits the following Sentencing Memorandum for the Court's consideration prior to her sentencing on Tuesday, February 18, 2025. In support of her sentencing memorandum, the defendant states as follows:

### SENTENCING GUIDELINE CALCULATION

As provided in paragraph 62 of the Presentence Report ("PSR"), the sentencing guideline range of the defendant, Amy Lynn Cook ("Ms. Cook"), is calculated to be 360 months, the statutory maximum. This calculation includes two four-level enhancements – U.S.S.G. § 2G2.1(b)(1)(A), as the offense involved a minor who had not yet obtained the age of 12; and U.S.S.G. § 2G2.1(b)(4), as the produced material portrayed an infant or toddler. The material at issue portrayed only one child. As such, including both enhancements in her sentencing guideline calculation constitutes improper double-counting, resulting in Ms. Cook's compounded punishment for the same conduct.

As provided in *United States v. Eversole*, 487 F.3d 1024, 1030 (6th Cir. 2007), "impermissible 'double counting' occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." The Sixth Circuit has identified only

two instances in which double counting is permissible: "1) where 'the Sentencing Guidelines expressly mandate double counting. . . through the cumulative application of sentencing adjustments,' and 2) 'where it appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct.'" *United States v. Clark*, 11 F.4th 491, 494-95 (6th Cir. 2021) (citing *United States v. Farrow*, 198 F.3d 179, 194 (6th Cir. 1999) (superseded by statute on other grounds). The assessment of both U.S.S.G. § 2G2.1(b)(1)(A) and U.S.S.G. § 2G2.1(b)(4) does not fall under either of these exceptions.

In *United States v. Osborne*, 2018 U.S. App. LEXIS 8962 (6th Cir. April 9, 2018), a copy of which is attached hereto. In this case, defendant induced two women to engage in sexual conduct with their children, who were four years old and 5-months old at the time. The conduct was recorded and distributed via the internet. As a result of this conduct, he pled to one count of sexual exploitation of a child and one count of distribution of child pornography.

In the presentence report prepared, five enhancements were applied under U.S.S.G. §2G2.1(b), resulting in an adjusted offense level of 46. Though the defendant objected to this calculation on other grounds, the trial court nevertheless conveyed concerns as to the additional enhancements applied under U.S.S.G. § 2G2.1(b)(1)(A) and U.S.S.G. § 2G2.1(b)(4) – the same enhancements as those applied in the immediate matter. Though the defendant had not raised the objection, the trial court aptly noted

> the double counting that resulted from the two separate four-level enhancements for *involvement of a minor under twelve years old and for the victim being a five-month old infant* that were applied to the offense level for the sexual exploitation conviction.

(emphasis added). Though the issue was ultimately deemed moot in *Osborne*, such is not the case for Ms. Cook. As there was only one child subject in the produced material, to apply

2

two separate enhancements based on the age of the child constitutes improper double counting. Accordingly, Ms. Cook should be assessed only one four-level enhancement, under either U.S.S.G. § 2G2.1(b)(1)(A) or U.S.S.G. § 2G2.1(b)(4), resulting in the adjusted offense level of 39. With a criminal history category of I, the correct guideline range to be considered at sentencing is **262 – 327 months.**

## MANDATORY SPECIAL ASSESSMENT

As provided in paragraph 71 of the PSR, Ms. Cook is subject to a special assessment of $5,000 pursuant to 18 U.S.C. § 3014, but only if found to be non-indigent. In determining the indigency of a defendant, the court is to consider "both (1) whether the defendant currently is impoverished and (2) whether the defendant has 'the means to provide for himself so that he will not always be impoverished.'" *United States v. Meek*, 32 F.4th 576, 581 (6th Cir. 2022) (citing *United States v. Shepherd*, 922 F.3d 753, 758 (6th Cir. 2019)). In "predicting the future" earning capacity of a defendant, the court is to consider the following factors: "whether the defendant has court-appointed counsel; the defendant's educational and vocational training and the associated earnings potential, including the ability to earn income while incarcerated; the defendant's expected age at release; the defendant's potential years of employability after release; and the length of time post-release that the defendant will have to pay the special assessment." *Id.*

In reviewing these factors, it is readily evident that Ms. Cook is an indigent defendant. She was appointed representation in this matter. She has little education and training, with the majority of her limited work experience being in the fast food industry. Moreover, she has physical injuries which greatly limit her current ability to work. This reality will only worsen post-release, as she is facing a significant sentence. Being 38 years old, should she

3

receive the maximum sentence, she would be 68 years old at the time of her release, greatly limiting her years of employability. Certainly, Ms. Cook is indigent and should not be subject to the mandatory assessment.

Respectfully submitted,

TRUE GUARNIERI AYER, LLP

By:    */s/ Whitney True Lawson*
       Whitney True Lawson
       124 Clinton Street
       Frankfort, Kentucky 40601
       Telephone: (502) 605-9900
       Facsimile: (502) 605-9901
       wlawson@truelawky.com

       *Counsel for Defendant, Amy Lynn Cook*

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Sentencing Memorandum has been served this the 13th day of February, 2025 by filing same via the CM/ECF System, which will send electronic notice to all counsel of record.

*/s/ Whitney True Lawson*
Whitney True Lawson